[Crim. No. 622.    First Appellate District.—June 15, 1916.]

THE PEOPLE, Respondent, v. RALPH DAY, Appellant.

CRIMINAL LAW—BURGLARY—RECEIVING STOLEN GOODS—ELECTION OF PROSECUTION.—In a criminal prosecution, even if the evidence warranted a charge of burglary upon the theory that the defendant was an accessory thereto, where it also shows that the defendant subsequently received the fruits of the burglary from the actual perpetrator thereof, knowing them to be stolen, as defendant was guilty of receiving stolen goods, he cannot complain that the people elected to charge him with the latter offense rather than with the former.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.    Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

B. V. Sargent, and John Rutledge, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—We find from a review of the record that the evidence in this case sufficiently supports the verdict; that even if the evidence warranted and would have supported a charge of burglary upon the theory that the defendant was an accessory thereto, nevertheless it also shows that the de-

fendant subsequently received the fruits of the burglary from the actual perpetrator thereof knowing them to be stolen; that as a consequence he was guilty of receiving stolen goods; that therefore he cannot be heard to complain that the people elected to charge him with the latter offense rather than with the former. We further find that the testimony of the admitted accomplice of the defendant in the commission of the crime charged was amply corroborated by other and independent evidence, and that there was no error in the charge of the court or in its refusal to give certain instructions requested upon behalf of the defendant.

Upon these grounds the judgment and order appealed from are affirmed.